Nina Rabin, AZ Bar #025246

Workers' Rights Clinic

University of Arizona Rogers College of Law

1145 N. Mountain Ave.

Tucson, AZ 85719

Telephone: (520) 621-9206

Fax: (520) 626-5233

rabin@email.arizona.edu

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| ALEJANDRO NOPERI, MARIA NAVARRO AND ROSA MACHADO VERDUGO<br><br>Plaintiffs,<br><br>vs.<br><br>MI CASITA LINDA ADULT CARE HOME AND ERICKA CARRERA<br><br>Defendants | Case No._____<br><br>Complaint for Violations of the Fair Labor Standards Act and Arizona Minimum Wage and Wage Payment Laws |

## INTRODUCTION

1.  This is an action by Alejandro Noperi (hereinafter "Mr. Noperi"), Maria Navarro (hereinafter "Ms. Navarro"), and Rosa Machado Verdugo (hereinafter "Ms. Verdugo") (hereinafter collectively referred to as "Plaintiffs"), against their former employers, Ericka Carrera (hereinafter "Ms. Carrera") and Mi Casita Linda Adult Care Home (hereinafter "Mi Casita Linda") (hereinafter collectively referred to as "Defendants"). Plaintiffs were employed by Defendants to provide direct care to elderly residents in Defendants' adult care facility during the months of February, March, and April of 2017.

2.  Plaintiffs bring this action in order to recover damages arising out of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Arizona's Minimum Wage Law, A.R.S. § 23-362, et. seq., and Arizona's wage payment law, A.R.S.§ 23-350 et. seq.

3.  As set forth in detail below, Defendants are engaged in the operation of a licensed facility for the care of the sick and aged.

4.  All Plaintiffs performed work for Defendants, providing direct care to elderly residents of the adult care facility, during the year 2017 for periods ranging from a few days to several weeks.

5.  During their employment, Plaintiffs worked long hours, including, on several occasions, back-to-back twenty-four hour shifts.  Defendants failed to pay all three Plaintiffs for their work in compliance with federal and state minimum wage laws and state wage payment laws.  With respect to Ms. Navarro and Ms. Verdugo, Defendants

additionally failed to comply with federal law requiring them to pay Plaintiffs at one and one half times their regular rate of pay for hours worked over 40 in a week.

6.   Specifically, Plaintiffs seek remedies for non-payment of wages, including liquidated, compensatory and punitive damages, prejudgment interests, and costs and attorneys' fees, as provided by law.

**JURISDICTION AND VENUE**

7.   This complaint alleges causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. This complaint also alleges causes of action under Arizona minimum wage and wage payment laws, A.R.S. § 23-362, et seq. and A.R.S. § 23-350, et seq., which arise out of the same set of operative facts as the federal cause of action.   Accordingly, this Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 (a).

8.   Venue is proper in the District of Arizona under 28 U.S.C. § 1391 (b) and (c), because Defendants conduct business in this District and because Defendant failed to pay Plaintiffs' wages for services performed in Arizona.

9.   Defendant Mi Casita Linda, at all relevant times hereto, has been an institution primarily engaged in the care of the sick and aged who live on the premises.  Mi Casita Linda provides nursing care and medical assistance by the Defendants' employees, including, but not limited to around the clock safety monitoring, feeding, bathing, dressing, laundry and the administration of medication and various activities of daily living. Mi Casita Linda employs a registered nurse and trained assistants who provide these services.

10.   Based on paragraph 9 above, at all relevant times, Mi Casita Linda has been an enterprise engaged in commerce within the meaning of  29 U.S.C. § 203 (s)(1)(B).

## THE PARTIES

11.  Mr. Noperi is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona.

12.  Mr. Noperi worked as a caregiver at Mi Casita Linda located at 718 W. Calle de Casas Lindas, Tucson, Arizona (hereinafter "Defendants' facility) from February 17, 2017, to February 19, 2017, providing direct care to residents of Defendants' facility as described above in paragraph 9.

13.  Ms. Navarro is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona.

14.  Ms. Navarro worked as a caregiver at Defendants' facility from February 22, 2017, to March 5, 2017, providing direct care to residents of Defendants' facility as described above in paragraph 9.

15.  Ms. Verdugo is an individual who, at all times relevant to the instant action, was and is a resident of Pima County in the State of Arizona.

16.  Ms. Verdugo worked as a caregiver at Defendants' facility from March 13, 2017, to April 17, 2017, providing direct care to residents of Defendants' facility as described above in paragraph 9.

17.  Defendant Mi Casita Linda, is a licensed institution owned by Ms. Ericka Carrera, which provides elder care and assisted living and nursing services to elderly residents of the Defendants' facility, as described above in paragraph 9.  Through its agent and co-Defendant Ms. Carrera, described below in paragraph 18, Mi Casita Linda employs and trains  caregivers to work onsite, hires them, pays them, supervises their work, sets

their schedules, and has the authority to terminate their employment.

18. Defendant Ericka Carrera is a natural person who resides in Pima County, Arizona. She is the owner of Mi Casita Linda, where Plaintiffs were employed. Ms. Carrera directly supervised every aspect of the Plaintiffs' employment. She set Plaintiffs' payroll, directed the tasks they performed and the manner in which they performed them, set their daily schedules, hired Plaintiffs, and had the authority to terminate their employment.

19. Based on paragraphs 17 and 18, Defendants were, at all relevant times, Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. § 23-350(3) and A.R.S §23-362 (B), and are jointly and severally liable to Plaintiffs for violations of their rights under the FLSA and Arizona law.

## **FACTUAL ALLEGATIONS**

### **NOPERI**

20. During Mr. Noperi's employment, described above in paragraph 12, he worked the following schedule:

   a.  February 17: 7 hours

   b.  February 18 to February 19: 24 hours

21.  At the outset of Mr. Noperi's employment, Defendants agreed to pay Mr. Noperi $100 for February 17 and $10 per hour for each day worked after that.

22. Defendant paid Mr. Noperi a total of $90 for the 31 hours Mr. Noperi worked on February 17, 18, and 19, 2017, described above in paragraph 20.

23. By their conduct described above in paragraph 22, Defendants failed to comply with the Federal and Arizona minimum wage laws, described below in paragraphs 36 and 46 respectively.

## NAVARRO

24. During her employment, described above in paragraph 14, Ms. Navarro worked the following schedule between  February 22 and  February 28, 2017:

   a.  February 22-February 23: 24 hours

   b.  February 24-Febray 25: 24 hours

   c.  February 25-February 26: 24 hours

   d.  February 27-February 28: 24 hours

25. During her employment described above in paragraph 14, Ms. Navarro worked the following schedule from  March 2 through March 5, 2017:

   a.  March 2-March 3: 24 hours

   b.  March 3-March 4: 24 hours

   c.  March 4-March 5: 24 hours

26. Defendants paid Ms. Navarro a total of $100 for the work she performed from February 22 to February 28, 2017, described above in paragraph 24.

27. Defendants paid Ms. Navarro a total of $200 for the work she performed from March 2 through March 5, 2017, described above in paragraph 25.

28. By their conduct, described above in paragraphs 26 and 27, Defendants failed to comply with Federal and Arizona minimum wage laws, described below in paragraphs 36 and 46 respectively, Federal law regarding overtime payments, described below in paragraph 38, and the Arizona wage payment law, described below in paragraph 54.

**VERDUGO**

29.    During Ms. Verdugo's employment described above in paragraph 16, she worked the

hours described below:

a.    March 13 through March 17: 32 hours

b.    March 20 through March 22: 18 hours

c.    March 27 through April 2: 43 hours

d.    April 3 through April 9: 31 hours

e.    April 10 through April 16: 25 hours

f.    April 17:  4 hours

30.    During Ms. Verdugo's employment described above in paragraph 16, Defendants

only paid her twice as set forth below:

a.    March 24, 2017: $400

b.    April 21, 2017: $200

31.    By their conduct described above in paragraph 30, Defendants failed to comply with

Federal and Arizona minimum wage law, described below in paragraphs 36 and 46

respectively, Federal Law regarding overtime payments, described below in

paragraph 38, and the Arizona wage payment law, described below in paragraph 54.

**ADDITIONAL FACTUAL ALLEGATIONS**

32.    At all relevant times, Defendants failed to maintain accurate records of Plaintiffs'

wages and hours, did not permit Plaintiffs to inspect those records upon request, and

failed to post notices as required by A.R.S. §364(D), described below in paragraph

48, and 29 U.S.C. §211(c), described below in paragraph 40.

33.   Defendants willfully ignored the possibility that Federal and State law required them to pay their employees at the minimum wage and at the federally mandated overtime wage.

34.   By willfully failing to timely pay wages due or to pay the minimum wage, Defendants enjoyed ill-gained profits at the expense of the Plaintiffs.

## FIRST CLAIM FOR RELIEF
### FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 et seq.

35.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were fully set forth again herein.

36.   Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of employees to receive a wage that is not less than $7.25 per hour.

37.   During the relevant period, based on the conduct described above in paragraphs 22, 26, 27 and 30, Defendants failed to pay the Plaintiffs in accordance with the Federal minimum wage, described above in paragraph 36.

38.   Section 7(a) of the FLSA, 29 U.S.C. § 207(a), establishes the right of employees to receive wage that is one and one half times their regular rate of pay  for all  hours of work in excess of 40 hours in a  week.

39.   During the relevant period, based on the conduct described in paragraphs 26, 27 and 30, Defendants failed to pay Plaintiffs in accordance with the requirements of Federal overtime law described above in paragraph 38.

40.   Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain records of the hours worked and wages earned by their employees.

41.   As described above in paragraph 32, Defendants did not maintain accurate records of Plaintiffs' hours worked or wages earned, in violation of 29 U.S.C. § 211(c), described above in paragraph 40.

42.   Defendants acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were in compliance with the FLSA.

43.   Plaintiffs have been harmed, including financial harm, as a result of Defendants' violations of the FLSA.

44.   Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Plaintiffs seek unpaid wages at the required legal rate for all of their working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs, and all other costs and compensatory and punitive damages allowed by law.

## SECOND CLAIM FOR RELIEF

**FAILURE TO PAY THE MINIMUM WAGE, FAILURE TO POST, AND FAILURE TO MAINTAIN RECORDS IN VIOLATION OF THE ARIZONA MINIMUM WAGE ACT, A.R.S. § 23-362 et seq.**

45.   Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if they were set forth again herein.

46.   As of January 1, 2017, A.R.S. § 23-363(A)(1) requires employers to pay their employees a minimum wage of $10 per hour.

47.   As set forth in paragraphs 22, 26, 27 and 30, Defendants paid Plaintiffs an hourly wage that was less than the Arizona minimum wage, described above in paragraph 46.

48.   A.R.S. § 23-364(D) requires employers to maintain records of their employees' wages earned and hours worked for four years, and establishes a rebuttable presumption that

the employer did not pay the minimum wage if the employer fails to maintain such

records. §23-364(D) further requires that the employer permit the employee or her

representative to "inspect and copy" payroll records upon request.  In addition, A.R.S.

§23-364(D) requires employers to post notices advising employees of theirs rights.

49.    Based on the conduct described above in paragraph 32, Defendants failed to comply

with A.R.S. §23-364 (D), described above in paragraph 48.

50.    Defendants were willful in that they demonstrated reckless disregard for the

requirement of the law, described above in paragraphs 46 and 48.

51.    Plaintiffs have been harmed as a result of Defendants' violation of the law, including

loss of earnings, all of which will be proven at trial.

52.    Based on the foregoing and pursuant to A.R.S. § 23-364 (G), Plaintiffs seek unpaid

wages at the required legal rate for all of their working hours during the relevant time

period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs,

and all other costs and compensatory and punitive damages allowed by law.

### THIRD CLAIM FOR RELIEF

**FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350 et seq.**

53.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if

they were fully set forth again herein.

54.    A.R.S. §23-351(A) requires employers to designate two or more days in each month,

not more than 16 days apart, as fixed pay days for payment of wages to employees.

With exceptions not applicable here, A.R.S. 23-351 (C) requires the payment of all

wages owed to employees on the regular paydays. A.R.S. § 23-351(C)(3) requires that

employers pay overtime wages, no later than sixteen days after the most recent pay period.

55. Based on the conduct described above in paragraphs 26, 27, and 30, Defendants failed to make timely payments to Ms. Navarro and Ms. Verdugo as mandated by the Arizona Wage Payment Law, A.R.S. §23-351(A) and (C), described above in paragraph 54.

56. Ms. Navarro and Ms. Verdugo have been harmed as a result of the Defendants' violation of A.R.S. § 23-351(A) and (C), including loss of earnings, all of which will be proven at trial.

57. Based on the forgoing and pursuant to A.R.S. § 23-355(A) and A.R.S. § 12-341, Ms. Navarro and Ms. Verdugo seek unpaid wages at the required legal rate for work performed during the relevant period, plus an additional amount equal to treble the underpaid wages, prejudgment interest, attorneys' fees, litigation costs, and all other costs, penalties and damages allowed by law.

## **PRAYER FOR RELIEF**

*WHEREFORE, Plaintiff Noperi respectfully requests that this Court:*

A. Award Mr. Noperi damages for unpaid minimum wages plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B. Award Mr. Noperi three times the full amount of wages in violation of Arizona Minimum Wage Act, as provided by A.R.S. § 23-364(G) and A.R.S. § 355(A) and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. § 23-364(F);

C.  Award attorneys' fees and costs to Mr. Noperi for legal services provided by the University of Arizona pursuant to 29 U.S.C. § 216(b),  A.R.S. §23-364(G), and A.R.S. § 12-341;

D.  Grant such additional and further relief as the Court deems just and proper.

*WHEREFORE, Plaintiff Navarro respectfully requests that this Court:*

A.     Award Ms. Navarro damages for unpaid minimum wage and overtime wages plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B.     Award Ms. Navarro three times the full amount of wages in violation of Arizona Minimum Wage Act, as provided by A.R.S. § 23-364(G ) and  A.R.S. § 23-355(A), and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. §23-364(F).

C.     Award attorneys' fees and costs to Ms. Navarro for legal services provided by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(G), and A.R.S. § 12-341;

D.     Grant such additional and further relief as the Court deems just and proper.

*WHEREFORE Plaintiff Verdugo respectfully requests that this Court:*

A.     Award Ms. Verdugo damages for unpaid minimum wage and overtime wages plus liquidated damages in an equal amount, plus compensatory and punitive damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an amount to be determined at trial;

B.     Award Ms. Verdugo three times the full amount of wages in violation of Arizona Minimum Wage Act, as provided by A.R.S. § 23-364(G) and A.R.S. § 23-355(A), and interest, in an amount to be determined at trial, and assess civil penalties pursuant to A.R.S. §23-364(F);

C.     Award attorneys' fees and costs to Ms. Verdugo for legal services provided by the University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(G), and A.R.S. § 12-341;

D.      Grant such additional and further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Tucson, AZ

February 19, 2018

Respectfully submitted,

BY: _____/s/_____

Nina Rabin

Attorney for Plaintiffs